CHARLES WILLS *vs.* AUGUSTUS P PRICHARD.

The assent of three fourths in value of the creditors of an insolvent debtor, which is requisite to his second discharge under *St.* 1844, *c.* 178, § 5, must be filed within six months of the date of the assignment.

ACTION OF CONTRACT upon a promissory note. Answer, a certificate of discharge in insolvency. Replication, that the defendant had once before taken the benefit of the insolvent law; and that upon the second insolvency his estate did not pay fifty per cent. of the claims proved against it, and three fourths in value of his creditors did not, within six months of the assignment, assent to his discharge.

At the trial in the superior court of Suffolk at May term 1856, *Nash,* J. ruled " that the fact that the assent of three fourths in value of his creditors was not given and filed within six months after the assignment, if proved, would not invalidate

the discharge; that it was sufficient if given and filed before the discharge was granted; this being a case of a second insolvency by the defendant under the statute." A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*H. C. Hutchins,* for the plaintiff, cited *St.* 1844, *c.* 178, §§ 4, 5, 9; *Buck* v. *Sayles,* 9 Met. 459; *Gates* v. *Campbell,* 8 Cush. 104; *Revere* v. *Newell,* 4 Cush. 584; *Beverly Bank* v. *Wilkinson,* 2 Gray, 519; *Merriam* v. *Richards,* 3 Gray, 252; *Williams* v. *Robinson,* 4 Cush. 529; *Sanderson* v. *Taylor,* 1 Cush. 87.

*C. Robinson, Jr.,* for the defendant. By *St.* 1844, *c.* 178, § 4, a debtor whose estate pays less than fifty per cent. on all claims proved against it is entitled to a certificate of discharge " unless a majority in value of his creditors who shall have proved their claims shall dissent therefrom within six months after the date of the assignment." By § 5 a debtor insolvent for a second time, and whose estate pays less than fifty per cent., is not to be discharged " unless three fourths in value of the creditors whose claims are proved shall assent thereto in writing." The omission in § 5 of the limitation of six months, inserted in § 4, shows that a debtor who is obliged to obtain the assent of a larger proportion of his creditors is not to be limited to that time. At most, this limitation applies only to obtaining the assent of a majority of the creditors, not of three fourths. The *St.* of 1848, *c.* 304, § 9, is a substitute for § 4 only of *St.* 1844, *c.* 178. *Gates* v. *Campbell,* 8 Cush. 106. Dwarris on Sts. (2d ed.) 604.

THOMAS, J. The point raised by the bill of exceptions is the validity of the defendant's discharge in insolvency. The defendant was insolvent for a second time and his estate failed to pay fifty per cent. of the debts and claims proved. He could not therefore obtain his discharge, or if obtained it would not be valid, unless three fourths in value of the creditors whose claims were proved should assent thereto in writing. *St.* 1844, *c.* 178, § 5. The question in issue between the parties is when such assent may be filed; whether it must be filed within six months after the date of the assignment.

Though the fifth section of the *St.* of 1844, *c.* 178, does not,

considered separately, in terms impose this limitation, yet from the provisions of the fourth and fifth sections taken together, as *in pari materia,* we think such limitation is the fair conclusion. Upon any other construction, there would be no limit to the time of filing such assent. This we understand to have been the construction heretofore given to the statute, though the precise point involved in the case at bar was not raised. In *Gates* v. *Campbell,* 8 Cush. 104, it was held, that the creditors whose assent would authorize the discharge must be creditors whose claims were proved within six months after the date of the assignment. The reason given for the restriction is that the statutes set six months as the time within which the assent is to be given and the discharge acted upon. 8 Cush. 108.

A new trial must be had, but the parties will observe that the conclusion which the court has reached seems to dispose of the cause.                               *Exceptions sustained.*